# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVON FOREMAN and LOTISHA DAVIDSON,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT ATTORNEY OF BAKERSFIELD,<br><br>Defendant.<br>_____/ | Case No. 1:22-cv-00581-DAD-BAK (SKO)<br><br>ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE RECOMMENDED FOR DISMISSAL FOR PLAINTIFF FOREMAN'S FAILURE TO COMPLY WITH THE COURTS ORDER<br><br>(Doc. 4)<br><br>**21-DAY DEADLINE** |

Plaintiffs Trevon Foreman and Lotisha Davidson ("Plaintiffs") are proceeding *pro se* in this action. Plaintiffs filed their complaint against Defendant District Attorney of Bakersfield on May 16, 2022. (Doc. 1.) On that same date, Plaintiff Foreman, a state prisoner, filed an application to proceed *in forma pauperis* ("IFP") without prepayment of fees. (Doc. 2.)

On May 20, 2022, the undersigned issued an order finding that Plaintiff Foreman failed to submit to the Court a certified copy of his trust fund account statement, providing him another IFP application form, and directing him to file an amended IFP application that corrects the identified

deficiencies within thirty days.  (Doc. 4.)  More than thirty days have lapsed without Plaintiff Foreman having filed an amended IFP application and trust fund account statement.[1]

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  E.D. Cal. Local Rule 110.  "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action.  *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules.  *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Accordingly, Plaintiff Foreman is ORDERED to show cause within twenty-one (21) days of the date of service of this order why the action should not be dismissed for his failure to comply with the Court's order and for his failure to prosecute this action.  Alternatively, within that same time, Plaintiff Foreman may either file an amended IFP application, or pay the $402 filing fee for this action.  **Failure to comply with this order will result in the recommendation that this action be dismissed.**

IT IS SO ORDERED.

Dated:  **June 24, 2022**                                   /s/ *Sheila K. Oberto*
                                                                    UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff Lotisha Davidson filed her own application to proceed in forma pauperis, but it contains information related to only her finances.  (*See* Doc. 5.)  "Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless ***all*** of them demonstrate inability to pay the filing fee."  *Darden v. Indymac Bancorp, Inc*., No. CIV S-09-2970 JAM DAD, 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23, 2009) (emphasis added); *see also Anderson v. California*, No. 10 CV 2216 MMA (AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) ("[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status.").