# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVON FOREMAN and LOTISHA DAVIDSON,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT ATTORNEY OF BAKERSFIELD,<br><br>Defendant. | Case No. 1:22-cv-00581-DAD-BAK (SKO)<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF TREVON FOREMAN BE DISMISSED FOR HIS FAILURE TO COMPLY WITH THE COURTS ORDERS AND FAILURE TO PROSECUTE<br><br>(Docs. 4, 6)<br><br>**21-DAY DEADLINE** |

Plaintiffs Trevon Foreman and Lotisha Davidson ("Plaintiffs") are proceeding *pro se* in this action. Plaintiffs filed their complaint against Defendant District Attorney of Bakersfield on May 16, 2022. (Doc. 1.) On that same date, Plaintiff Foreman, a state prisoner, filed an application to proceed *in forma pauperis* ("IFP") without prepayment of fees. (Doc. 2.)

On May 20, 2022, the undersigned issued an order finding that Plaintiff Foreman failed to submit to the Court a certified copy of his trust fund account statement, providing him another IFP application form, and directing him to file an amended IFP application that corrects the identified deficiencies within thirty days. (Doc. 4.)

Having received no response from Plaintiff Foreman, the undersigned issued an order to

show cause ("OSC") why he should not be dismissed for his failure to comply with the Court's order and for his failure to prosecute this action.[1] (Doc. 6.) Plaintiff Foreman was warned in both the initial order and the OSC that the failure to comply with the Court's order would result in a recommendation to the presiding district judge of dismissal. (*Id.* *See also* Doc. 4.) Plaintiff Foreman has not yet filed a response, and the time to do so has passed.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff Foreman's failure to comply with, or otherwise respond to the Court's orders, or pay the required filing fee, there is no alternative but to recommend that Plaintiff Foreman be dismissed from this action.

Accordingly, it is **HEREBY RECOMMENDED** that Plaintiff Trevon Foreman be dismissed from this case without prejudice for his failure to obey the Court's orders and to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge

---

[1] Plaintiff Lotisha Davidson filed her own application to proceed in forma pauperis, but it contains information related to only her finances. (*See* Doc. 5.) "Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless ***all*** of them demonstrate inability to pay the filing fee." *Darden v. Indymac Bancorp, Inc*., No. CIV S-09-2970 JAM DAD, 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23, 2009) (emphasis added); *see also Anderson v. California*, No. 10 CV 2216 MMA (AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) ("[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status.").

2

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B).  **Within twenty-one (21) days** after being served with these Findings and Recommendations, any plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 22, 2022**                     /s/ *Sheila K. Oberto*
                                                                                    UNITED STATES MAGISTRATE JUDGE