UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TREVON FOREMAN AND LOTISHA DAVIDSON,<br><br>Plaintiffs,<br><br>v.<br><br>DISTRICT ATTORNEY OF BAKERSFIELD,<br><br>Defendant. | Case No. 1:22-cv-00581-ADA-CDB<br><br>FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF TREVON FOREMAN BE DISMISSED FOR FAILURE TO COMPLY WITH THE COURT'S ORDERS AND FAILURE TO PROSECUTE<br><br>(Doc. 11)<br><br>**21- DAY DEADLINE** |

Plaintiffs Trevon Foreman and Lotisha Davidson ("Plaintiffs") are proceeding *pro se* in this action. Plaintiffs filed their complaint against Defendant District Attorney of Bakersfield on May 16, 2022. (Doc. 1.) On that same date, Plaintiff Foreman, a state prisoner, filed an application to proceed *in forma pauperis* ("IFP") without prepayment of fees. (Doc. 2.)

On May 20, 2022, U.S. Magistrate Judge Sheila K. Oberto issued an order finding that Plaintiff Foreman failed to submit to the Court a certified copy of his trust fund account statement, providing him another IFP application form, and directing him to file an amended IFP application that corrects the identified deficiencies within thirty days. (Doc. 4.)

Having received no response from Plaintiff Foreman, Magistrate Judge Oberto issued an order to show cause ("OSC") why he should not be dismissed for his failure to comply with the

Court's order and for his failure to prosecute this action.[1] (Doc. 6.) Plaintiff Foreman was warned in both the initial order and the OSC that the failure to comply with the Court's order would result in a recommendation to the presiding district judge of dismissal. (*Id*. *See also* Doc. 4.)

On July 22, 2022, Judge Oberto issued findings and recommendations that Plaintiff Foreman be dismissed without prejudice for his failure to obey the Court's orders and prosecute this action. (Doc. 7.) The findings and recommendations were served on Plaintiff Foreman and contained notice that any objections thereto were to be filed within 21 days after service. (*Id.*)

On July 26, 2022, Plaintiff Foreman filed a certified copy of his prisoner trust account (Doc. 8) but neglected to file an amended IFP application as previously ordered. On July 29, 2022, Magistrate Judge Oberto withdrew the findings and recommendations and ordered Plaintiff to either complete, sign and file an IFP application or pay the $402.00 filing fee for this action within 30 days of the order.

On September 8, 2022, Magistrate Judge Oberto issued another OSC ordering Plaintiff Foreman to show cause within 21 days of service of the OSC (*e.g*., not later than September 29, 2022) why he should not be dismissed for his failure to comply with the Court's order and for his failure to prosecute this action. (Doc. 11). To date, Plaintiff Foreman has not complied with the OSC and has not made any filings explaining his delinquency. Given his repeated failures to follow the Court's orders and to prosecute this action, it is the undersigned's recommendation that Plaintiff Foreman be dismissed from this case with prejudice.

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los*

---

[1] Plaintiff Lotisha Davidson filed her own application to proceed in forma pauperis, but it contains information related to only her finances. (*See* Doc. 5.) "Where there are multiple plaintiffs in a single action, the plaintiffs may not proceed in forma pauperis unless ***all*** of them demonstrate inability to pay the filing fee." *Darden v. Indymac Bancorp, Inc*., No. CIV S-09-2970 JAM DAD, 2009 WL 5206637, at *1 (E.D. Cal. Dec. 23, 2009) (emphasis added); *see also Anderson v. California*, No. 10 CV 2216 MMA (AJB), 2010 WL 4316996, at *1 (S.D. Cal. Oct. 27, 2010) ("[A]lthough only one filing fee needs to be paid per case, if multiple plaintiffs seek to proceed in forma pauperis, each plaintiff must qualify for IFP status.").

*Angeles*, 782 F.2d 829, 831 (9th Cir. 1986), *cert. denied*, 479 U.S. 829 (1986). A court may dismiss an action with prejudice based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

The Court has considered the five *Thompson* factors and concludes dismissal with prejudice is warranted. 782 F.2d at 831. In particular, given that the case may proceed as to Plaintiff Davidson notwithstanding Plaintiff Foreman's dismissal, the Court finds that any prejudice to the defendants resulting from dismissal is minimal and outweighed by the public's interest in expeditious resolution of this litigation.

Accordingly, it is **HEREBY RECOMMENDED** that Plaintiff Trevon Foreman be dismissed from this case with prejudice for his failure to obey the Court's orders and to prosecute this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days** after being served with these Findings and Recommendations, any plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 1, 2022**                           _____
                                                        UNITED STATES MAGISTRATE JUDGE