UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOTISHA DAVIDSON,<br><br>          Plaintiff,<br><br>     v.<br><br>DISTRICT ATTORNEY OF BAKERSFIELD,<br><br>          Defendants. | Case No. 1:22-cv-00581-ADA-CDB<br><br>**ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO STATE A CLAIM**<br><br>**14-DAY DEADLINE**<br><br>(Doc. 5) |

Plaintiff Lotisha Davidson is proceeding pro se in this action in which she asserts a claim pursuant to 42 U.S.C. § 1983. She and former Plaintiff Trevon Foreman[1] filed their complaint against Defendant District Attorney of Bakersfield on May 16, 2022. (Doc. 1). Although the complaint names both Foreman and Davidson as plaintiffs in this action, the alleged injuries in the complaint appear limited to those sustained on behalf of former plaintiff Foreman. (*Id*. at p. 5). In particular, the complaint alleges that Cynthia Zimmer "deprived plaintiff (singular) of *his* protected constitutional rights" to a fair trial by forcing plaintiff to be tried before a white jury. (*Id*. (emphasis added)).

Although Plaintiff Davidson's in forma pauperis application makes the financial showing required by 28 U.S.C. § 1915(a)(1), "'[a] district court may deny leave to proceed in forma

---

[1] Plaintiff Trevon Foreman was terminated from this action on April 6, 2023. (Doc. 14).

pauperis at the outset if it appears from the fact of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)).  A complaint is frivolous when it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a claim on which relief may be granted, the plaintiff must "allege enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as true the material allegations in the complaint and construes them in the light most favorable to the plaintiff. *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).  Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  The minimum requirements for a civil complaint in federal court are as follows:

> A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types or relief.

Fed R. Civ. P. 8(a).

Here, following a preliminary review, the Court concludes the complaint has no discernable basis in which Davidson is entitled to relief under § 1983, and, thus, her application to proceed in forma pauperis should be denied.  In particular, Plaintiff has not alleged any causal connection or link between the actions of the Defendant and the deprivation of a constitutional or federal right alleged to have been suffered by the Plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373–75 (1976).

Accordingly, Plaintiff is **ORDERED** to show cause in writing within fourteen (14) days of entry of this order why her application to proceed in forma pauperis should not be denied and why the complaint should not be dismissed for failure to state a claim on which relief may be granted. **Failure to comply with this order will result in the recommendation that Plaintiff's**

**action be dismissed with prejudice**.

IT IS SO ORDERED.

Dated:   **April 7, 2023**

_____
UNITED STATES MAGISTRATE JUDGE