1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   LOTISHA DAVIDSON,                        Case No. 1:22-cv-00581-ADA-CDB

12                  Plaintiff,                 FINDINGS AND RECOMMENDATION TO
                                               DISMISS THIS ACTION FOR FAILURE TO
13          v.                                 STATE A CLAIM

14   DISTRICT ATTORNEY OF                      FINDINGS AND RECOMMENDATION TO
     BAKERSFIELD,                              DENY APPLICATION TO PROCEED IN
15                                             FORMA PAUPERIS
                    Defendant.
16                                             **14-DAY DEADLINE**

17                                             (Doc. 5)

18

19          Plaintiff Lotisha Davidson is proceeding pro se in this action in which she asserts a claim

20   pursuant to 42 U.S.C. § 1983. She and former Plaintiff Trevon Foreman[1] filed their complaint

21   against Defendant District Attorney of Bakersfield on May 16, 2022.  (Doc. 1).  Although the

22   complaint names both Foreman and Davidson as plaintiffs in this action, the alleged injuries in

23   the complaint pertain only to former plaintiff Foreman. (*Id*. at p. 5).  In particular, the complaint

24   alleges that Cynthia Zimmer "deprived plaintiff (singular) of *his* protected constitutional rights"

25   to a fair trial by forcing plaintiff to be tried before a white jury.  (*Id*. (emphasis added)).

26          Although Plaintiff Davidson's application to proceed in forma pauperis makes the

27   financial showing required by 28 U.S.C. § 1915(a)(1), "'[a] district court may deny leave to

28   _____
            [1] Plaintiff Trevon Foreman was terminated from this action on April 6, 2023.  (Doc. 14).

1  proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that

2  the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir.

3  1998) (quoting *Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)).  A

4  complaint is frivolous when it lacks an arguable basis in law or in fact.  *Neitzke v. Williams*, 490

5  U.S. 319, 325 (1989).

6        To state a claim on which relief may be granted, the plaintiff must "allege enough facts to

7  state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

8  570 (2007).  In considering whether a complaint states a cognizable claim, the court accepts as

9  true the material allegations in the complaint and construes them in the light most favorable to the

10  plaintiff.  *Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984).  Pro se pleadings are held to a less

11  stringent standard than those drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

12  However, the court need not accept as true conclusory allegations, unreasonable inferences, or

13  unwarranted deductions of fact.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.

14  1981).  The minimum requirements for a civil complaint in federal court are as follows:

15        A pleading that states a claim for relief must contain: (1) a short and
       plain statement of the grounds for the court's jurisdiction . . .; (2) a
16       short and plain statement of the claim showing that the pleader is
       entitled to relief; and (3) a demand for the relief sought, which may
17       include relief in the alternative or different types or relief.

18  Fed R. Civ. P. 8(a).

19        Following a preliminary review, the Court concluded that the complaint has no

20  discernable basis in which Davidson is entitled to relief under § 1983, and, thus, her application to

21  proceed in forma pauperis should be denied.  In particular, Davidson has not alleged any causal

22  connection or link between the actions of the Defendant and the deprivation of a constitutional or

23  federal right alleged to have been suffered by Davidson.  *See Rizzo v. Goode*, 423 U.S. 362, 373–

24  75 (1976).

25        In light of this, the Court issued an Order to Show Cause (OSC) on April 7, 2023,

26  directing Davidson to show cause in writing why the complaint should not be dismissed for

27  failure to state a claim on which relief may be granted.  (Doc. 15).  The Court ordered Davidson

28  to comply within 14 days and cautioned her that failure to comply with the Court's order would

2

1    result in a recommendation to dismiss this action with prejudice.

2           To date, Davidson has not filed a response to the OSC, and the time to do so has passed.

3    The undersigned recommends that this action be dismissed.  As outlined above, although the

4    Complaint lists Davidson as a plaintiff, none of the claims listed in the Complaint identify any

5    actions taken by Defendant against Davidson that could support a claim for relief.  *Jones v. Cmty.*

6    *Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) ("The plaintiff must allege with at least some

7    degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.")

8    (internal quotation marks and citations omitted).

9           Furthermore, the Court finds that granting an opportunity to amend would not cure the

10   complaint's deficiencies.  The OSC issued by the Court provided Davidson with an opportunity to

11   substantiate what claims, if any, she had in this action that would entitle her to relief.  (Doc. 15).

12   Given that Davidson has not filed a reply, the Court concludes that she is unable to articulate any

13   claim and any further amendment would be futile.  *Schucker v. Rockwood*, 846 F.2d 1202, 1203-

14   04 (9th Cir. 1988) ("Dismissal of a pro se complaint without leave to amend is proper only if it is

15   absolutely clear that the deficiencies of the complaint could not be cured without amendment.")

16   (internal quotation marks and citations omitted).

17          For the same reasons, Davidson's application to proceed in forma pauperis (Doc. 5),

18   should also be denied.  "A district court may deny leave to proceed in forma pauperis at the outset

19   if it appears from the face of the proposed complaint that the action is frivolous or without merit."

20   *Tripati*, 821 F.2d at 1370. Since Davidson is unable to cure the deficiencies in her complaint, it

21   follows that application should be denied for lack of a meritorious claim.

22                              **FINDINGS AND RECOMMENDATIONS**

23          Based on the foregoing, it is HEREBY RECOMMENDED that:

24   1.  Plaintiff's complaint, (Doc. 1), be dismissed, with prejudice, for failure to state a claim;

25   2.  Davidson's application to proceed in forma pauperis (Doc. 5), be denied; and

26   3.  The Clerk of Court be directed to close this case.

27          These Findings and Recommendations will be submitted to the United States District

28   Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within fourteen**

                                                     3

1    **(14) days** after being served with these Findings and Recommendations, the parties may file

2    written objections with the Court. The document should be titled, "Objections to Magistrate

3    Judge's Findings and Recommendations." The parties are advised that failure to file objections

4    within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*,

5    772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir.

6    1991)).

7    IT IS SO ORDERED.

8       Dated:   **May 23, 2023**

9                       UNITED STATES MAGISTRATE JUDGE

4